UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                  **CRIMINAL ACTION**

**VERSUS**                  **NO: 11-271**

**HARRY BERRY**                  **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Harry Berry's Motion for Early Termination of Supervised Release (Doc. 1851).

In February 2015, this Court sentenced Defendant to a term of 240 months imprisonment and ten years' supervised release for conspiracy to distribute more than a kilogram of heroin. In May 2020, the Bureau of Prisons released Defendant to serve the remainder of his term of imprisonment on home confinement. In July 2021, this Court granted Defendant's Motion for Compassionate Release, finding that a disparity between his sentence and his co-defendants' sentences, his considerable rehabilitation, and the amendments to the First Step Act warranted a reduction in his sentence to 15 years.[1] Defendant completed his term of imprisonment on July 3, 2023, and he began his ten-year term of supervised release. On May 5, 2025, Defendant filed the

---

[1] Doc. 1660.

1

instant motion requesting early termination of his term of supervised release. He has completed nearly two years of the ten-year term.

In his Motion, Defendant asks this Court to release him from further supervision on the basis of two factors. First, Defendant points out that he has been on home confinement since 2020. During these five years, he has maintained employment, been a "hands-on father" to his two children, and fully reintegrated into his community. Letters from his employer and family support this point. Second, his son—who was recognized as the number one running back in the country for the recruiting class of 2025—will begin a promising college football career in the fall, and Defendant wishes to travel with his wife to games out of the district to support him.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[2] The district court has broad discretion in considering requests for early termination of supervised release.[3] Courts have held that early termination "is warranted

---

[2] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[3] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

2

only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[4]

This Court finds that Defendant has presented the sort of "exceptionally good behavior" required to warrant early termination of supervised release.[5] Despite only serving two years of his term of supervised release, Defendant has been at home with his family, working and reintegrating into society, for more than five years. He has been in full compliance with the terms of his release during that time and has shown the ability to integrate into society and lead a lawful and productive life. His employer of several years describes him as having a "strong work ethic, reliability, and a positive attitude" and indicates that he has made a positive impact on the workplace.[6] His wife describes him as the family's "patriarch who has presented himself with levelheadedness, patience, and grace."[7] Further, the Bureau of Prisons' decision to release him to home confinement underscores Defendant's maturity, trustworthiness, and low risk. In addition, Defendant has shown a change in circumstances that will require frequent travel outside of the Eastern District of Louisiana to actively support his son's athletic career. Finally, Defendant was convicted of a non-violent drug crime, and two years of supervised release more appropriately reflects the seriousness of the offense

---

[4] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[5] *See* United States v. Andrews, No. 3:15-CR-2-CWR-LRA-1, 2022 WL 21295450, at *3 (S.D. Miss. Feb. 11, 2022) (granting early termination of supervised release because defendant's "successful completion of a litany of programming, founding and management of his own business, and care of his dependents distinguishes his behavior as exceptional, not merely compliant.").

[6] Doc. 1851-2.

[7] Doc. 1851-1.

pursuant to § 3553(a). In light of his commendable rehabilitation, this Court does not believe that continued supervision of Defendant is necessary for rehabilitation or public safety.

Accordingly;

**IT IS ORDERED** that Defendant's Motion is **GRANTED**, and his term of supervised release is **TERMINATED**.

New Orleans, Louisiana this 27th day of June, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**